FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 25, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIPHER POFFENBERGER,<br><br>          Plaintiff,<br><br>    v.<br><br>VRAJESH K. PATEL,<br><br>          Defendant. | No.   4:18-cv-05105-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF LIABILITY** |

Before the Court, without oral argument, is Plaintiff Jennipher Poffenberger's Partial Motion for Summary Judgment of Liability, ECF No. 67. Plaintiff asks the Court to grant judgment of liability against Defendant Vrajesh K. Patel as to three specific assaults by strangulation included in her claims for battery and assault.[1] Plaintiff argues that Defendant is collaterally estopped from relitigating the occurrences of the three strangulations for which he has been convicted and sentenced in state court.[2] Because the Court finds Defendant has had a full and fair opportunity to litigate the occurrences of the three strangulations, the Court finds

---

[1] ECF No. 67 at 1.
[2] *Id.* at 1–2.

Order Granting Plaintiff's Motion for Partial Summary Judgment — Page **1** of 13

1 good cause to grant Plaintiff's Motion and find Defendant liable for battery and assault.

## I. BACKGROUND

Plaintiff and Defendant met while they were working for Providence St. Mary Medical Center in Walla Walla, Washington.[3] Plaintiff was a lab technician and Defendant was a medical doctor and Director for Hospitalists.[4] Plaintiff and Defendant entered a romantic relationship in January 2017.[5] Plaintiff alleges in her Amended Complaint that although the romantic relationship began positively, Defendant verbally and physically abused Plaintiff on multiple occasions.[6]

On October 3, 2017, the Deputy Prosecuting Attorney of Walla Walla County filed an Information charging Defendant with three counts of assault in the second degree and two counts of harassment.[7] The counts of assault were based on the accusations that Defendant had strangled or suffocated Plaintiff on April 16, May 5, and July 30, 2017, in violation of RCW 9A.36.021 and 10.99.020.[8]

On February 21, 2018, Defendant signed a "Stipulated Order of Continuance, Waiver of Rights, and Statement of Defendant on Submittal or Stipulation to Facts" ("SOC").[9] By signing the SOC, Defendant entered into a "deferral period" that would terminate on February 21, 2019.[10] On that date, the assault and harassment charges

---

[3] ECF No. 28 at 2.
[4] *Id.* at 3.
[5] *Id.*
[6] *See generally* ECF No. 28.
[7] *See* ECF No. 69-1 at 2.
[8] *Id.* at 3.
[9] *See id.* at 6–12.
[10] ECF No. 69-1 at 7.

Order Granting Plaintiff's Motion for Partial Summary Judgment — Page **2** of 13

against Defendant would be dismissed, provided he complied with several conditions outlined in the SOC.[11] If Defendant did not comply with the conditions, Defendant agreed that the State of Washington's case against him and the record would be submitted to a judge to determine Defendant's guilt or innocence.[12] The record would include "[a]ll police reports, witness statements, and photographs" attached to the SOC at the time of signing, and Defendant stipulated to the admissibility of these materials.[13] Defendant waived his rights to present any evidence in his defense other than those materials.[14] He also waived his rights to a jury trial, refuse to testify against himself, put forth and question witnesses, and be presumed innocent.[15] Defendant signed the SOC "freely and voluntarily."[16]

Plaintiff filed the Complaint in the present action on June 21, 2018 alleging claims for battery, assault, and both negligent and intentional infliction of emotional distress.[17] Plaintiff later amended her Complaint to remove the cause of action for negligent infliction of emotional distress.[18] In her Amended Complaint, Plaintiff realleged her claims for battery and assault.[19] These claims were based in part on the events for which Defendant was criminally charged—namely that Defendant strangled or suffocated Plaintiff on April 16, May 5, and July 30, 2017.[20]

---

[11] *Id.* at 7–8.
[12] *Id.* at 8.
[13] *Id.* at 9.
[14] *Id.*
[15] ECF No. 69-1 at 8–9.
[16] *Id.* at 10.
[17] *See* ECF No. 1.
[18] *See* ECF No. 28.
[19] *Id.* at 12–13.
[20] *See* ECF No. 28 at 4–6, 10; *see also* ECF No. 68 at 3–4. Plaintiff additionally "allege[d] other acts of assault and battery in this civil suit that are not part of the criminal matter." ECF No. 68 at 4

1   On February 21, 2019, the State of Washington brought a motion in Defendant's criminal case contending that Defendant failed to comply with the conditions of the SOC.[21] The motion requested that the Superior Court judge order Defendant to appear and show cause as to whether he violated the SOC and why the judge should not find him guilty of the crimes alleged (harassment and assault).[22]

The Superior Court granted the motion and held a "show-cause" hearing on March 8, 2019.[23] Defendant appeared and was represented by counsel.[24] The Superior Court judge found Defendant violated the SOC by failing to be truthful to his substance abuse treatment provider on May 1, 2018.[25] Accordingly, and as agreed upon by Defendant, the State's case against Defendant was submitted on the record to the judge.[26] The judge reviewed the SOC as well as the attached police reports, witness statements, and photographs, to which Defendant had stipulated admissibility.[27] On the same date, the judge issued an order revoking Defendant's SOC because of his violation and found him guilty of the charges of assault in the second degree and harassment.[28] Defendant requested reconsideration of this decision, which was denied on March 27, 2019.[29] In the denial, the Superior Court

---

(citing ECF No. 28 at 4–10). However, Plaintiff reserves the issue of liability for the remaining acts of assault and battery for the jury and focuses only in the present Motion on the strangulations and suffocations that occurred on the aforementioned dates. ECF No. 67 at 3 n. 1.
[21] ECF No. 69-2 at 23–24.
[22] *Id.* at 23.
[23] *Id.* at 29–30, 32.
[24] *Id.* at 32.
[25] *Id.*
[26] ECF No. 69-2 at 33.
[27] *Id.*
[28] *Id.*
[29] *Id.* at 50–51.

held that Defendant had received full due process at the show-cause hearing on March 8, 2019.[30]

On April 8, 2019, the Superior Court entered its judgment and sentence against Defendant, as well as a restraining order.[31] The court sentenced Defendant to 60 months' incarceration for each count of assault and 50 months' incarceration to be served on each count of harassment to be served concurrently, for a total term of 60 months' incarceration.[32] Defendant filed a Notice of Appeal of this judgment and sentence to the Washington Court of Appeals on April 9, 2019.[33]

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact."[34] The district court's function at summary judgment is not to "weigh . . . the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[35] A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[36]

/

/

---

[30] *Id.* at 50.
[31] ECF No. 69-2 at 36–43.
[32] *Id.* at 40.
[33] *Id.* at 53.
[34] *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016) (internal quotations omitted).
[35] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[36] Fed. R. Civ. P. 56(a).

## III. ANALYSIS

Plaintiff moves the Court for a partial order of summary judgment of liability against Defendant.[37] Plaintiff argues that collateral estoppel precludes Defendant from relitigating the occurrence of the three assaults by strangulation or suffocation, therefore the Court should find Defendant liable for Plaintiff's claims of battery and assault.[38]

### A. Collateral Estoppel Standard

Because this is a diversity action, the Court applies the collateral estoppel rules of Washington State.[39] The doctrine of collateral estoppel "precludes the retrial of issues decided in a prior action."[40] "The purpose of collateral estoppel is to prevent relitigation of a particular issue or determinative fact after the party estopped has had a full and fair opportunity to present its case."[41]

> Before the doctrine of collateral estoppel may be applied, the party asserting the doctrine must prove: (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice.[42]

A court may apply collateral estoppel only if all four elements are met.[43]

---

[37] *See generally* ECF No. 67.
[38] *Id.* at 2–3.
[39] *Pardo v. Olson & Sons, Inc.*, 40 F.3d 1063, 1066 (9th Cir. 1994).
[40] *Seattle–First Nat. Bank v. Kawachi*, 91 Wn.2d 223, 228 (1978).
[41] *Noel v. King Cty.*, 48 Wn. App. 227, 233 (1987) (citing *Seattle–First Nat'l Bank v. Cannon*, 26 Wn. App. 922, 927 (1980).
[42] *Thompson v. State Dept. of Licensing*, 138 Wn.2d 783, 790 (1999) (citations and quotations omitted).
[43] *Clark v. Baines*, 150 Wn.2d 905, 913 (2004) (citations omitted).

**B. All elements of collateral estoppel are met.**

Plaintiff asserts all elements of collateral estoppel are met.[44] Defendant agrees with Plaintiff's statement of undisputed facts.[45] However, Defendant argues that the Court should not apply collateral estoppel because it would "work an injustice" on Defendant.[46] Accordingly, Defendant argues Plaintiff has not met her burden of proving the four elements that would warrant an application of collateral estoppel.[47]

1. <u>First Three Factors</u>

The Court finds that the first three elements of collateral estoppel are met. Defendant does not dispute that the first three factors are met.[48]

First, the issue decided in the prior criminal adjudication was whether Defendant assaulted Plaintiff "by strangulation or suffocation" on April 16, May 5, and July 30, 2017.[49] The issue to be decided in the present civil matter is whether Defendant strangled or suffocated Plaintiff on the same dates, thereby battering and/or assaulting her.[50] Because these issues are identical, the first factor is met.[51]

Second, the prior adjudication ended with a final judgment on the merits.[52] A judgment in a criminal case becomes final at the beginning of the appellate process.[53]

---

[44] ECF No. 67 at 6.
[45] ECF No. 79 at 1. *See also* ECF No. 68 (statement of undisputed material facts).
[46] ECF No. 79 at 1.
[47] *See generally* ECF No. 79.
[48] *See id.* at 4.
[49] *See* ECF No. 69-1 at 2–3.
[50] *See* ECF No. 28 at 12–13.
[51] *Thompson*, 138 Wn.2d at 790.
[52] *Id.*
[53] *City of Des Moines v. Personal Property Identified as $81,231 in U.S. Currency*, 87 Wn. App. 689, 702 (1997) (noting that this principle applies in collateral estoppel as well as res judicata).

Order Granting Plaintiff's Motion for Partial Summary Judgment — Page **7** of 13

Here, Defendant filed a Notice of Appeal of his criminal conviction on April 9, 2019.[54] His prior adjudication therefore ended with a final judgment on the merits.[55]

Third, estoppel is sought against Defendant, who was the same defending party in the prior adjudication.[56] The third element has accordingly been met.[57]

### 2. Fourth Factor of Injustice

Plaintiff argues that application of collateral estoppel would work no injustice as Defendant had a "full and fair opportunity to litigate the issue of whether he assaulted [Plaintiff] by strangulation on the three dates in question."[58] Defendant argues he was not provided "a full and fair opportunity to litigate the issues of assault at the order to show cause hearing."[59]

Whether an application of collateral estoppel would create an injustice depends "on whether the parties to the earlier adjudication were afforded a full and fair opportunity to litigate" the issue.[60] A criminal conviction in a prior adjudication may "be given preclusive effect in a subsequent civil action" as it may provide a full and fair opportunity to litigate.[61] The prior adjudication need not end in a trial;[62]

---

[54] ECF No. 69-2 at 53.
[55] The Court notes that collateral estoppel may be defeated by later rulings on appeal. *See City of Des Moines*, 87 Wn. App. at 702. However, a judgment becomes final for collateral estoppel purposes "at the beginning, not the end, of the appellate process." *Id.*
[56] *See generally* ECF Nos. 1 & 28 (civil matter); *see also* ECF No. 69-1 at 2 (criminal matter).
[57] *Thompson*, 138 Wn.2d at 790.
[58] ECF No. 67 at 9 (internal quotations omitted).
[59] ECF No. 79 at 1.
[60] *Nielson v. Spanaway General Med. Clinic, Inc.*, 135 Wn.2d 255, 265 (1998). *See also Clark*, 150 Wn.2d at 913 ("The determination of whether application of collateral estoppel will work an injustice on the party against whom the doctrine is asserted—the fourth element—depends primarily on whether the parties to the earlier proceeding received a full and fair hearing on the issue in question.") (citations and internal quotations omitted).
[61] *Clark*, 150 Wn.2d at 913.
[62] *See, e.g., Billings v. Town of Steilacoom*, 2 Wn. App.2d 1, 19 (2017) (an administrative hearing may have preclusive effect on a subsequent civil action).

even a guilty plea in a criminal proceeding may be used as a basis for collateral estoppel in a subsequent civil action where it was made knowingly, intelligently, and voluntarily.[63]

The Court finds that Defendant had a full and fair opportunity to litigate the issue of whether he assaulted Plaintiff through strangulation or suffocation. To resolve his case, Defendant "freely and voluntarily" signed the SOC, which set out conditions Defendant agreed to meet in order to receive dismissal of his charges.[64] By signing the SOC, Defendant acknowledged that any violations of the SOC's conditions would result in the state's case being "submitted on the record" to the Superior Court judge to determine his guilt or innocence of the charges.[65] He signed that he had discussed the terms of this agreement with counsel and understood his rights and how his guilt would be determined.[66] His resolution of his case by signing the SOC is not unlike the resolution of a case through a guilty plea; he made the fully informed decision that the Superior Court judge would determine his guilt or innocence based on the record to which Defendant stipulated. Defendant accordingly had a full and fair opportunity to litigate whether he assaulted Plaintiff and chose to litigate the issue by signing the SOC knowingly, intelligently, and voluntarily.[67]

---

[63] *See In re Disciplinary Proceeding Against King*, 170 Wn.2d 738, 745 (2011) (a defendant had a full and fair opportunity to litigate the issue of whether he committed a crime wherein his decision to plead guilty rather than go to trial was made knowingly, intelligently, and voluntarily); *see also State v. Schimmelpfennig*, 92 Wn.2d 95, 104 (1979) ("A plea of guilty to a criminal offense is a confession of guilt whose result is equivalent to conviction. The defendant pleading guilty acknowledges full responsibility for the legal consequences of his guilt. A plea of guilty should thus be treated no differently than a jury verdict[.]") (citations omitted).
[64] ECF No. 69-1 at 10.
[65] *See id.* at 8.
[66] *Id.* at 10.
[67] *See King*, 170 Wn.2d at 745.

Defendant argues that he was not given a full and fair opportunity to litigate whether he assaulted Plaintiff because he "was not given a full and fair hearing as to whether he was in breach of the SOC itself" at the show-cause hearing.[68] He argues that the prosecutor and Superior Court judge "relied on unreliable hearsay to decide that the SOC conditions were violated."[69]

This argument is irrelevant to whether Defendant had a full and fair opportunity to litigate the issue of assaulting Plaintiff. As Plaintiff correctly points out, Defendant is disputing the methods by which the Superior Court determined whether Defendant *violated the terms of his SOC*, not whether he *assaulted Plaintiff*.[70] The purpose of the show-cause hearing was to determine whether Defendant had violated his SOC by being untruthful to his substance abuse counselor.[71] Indeed, Defendant signed the SOC acknowledging that the determination of his guilt of assault would be based on the record—not a show-cause hearing—and he stipulated to the admissibility of all documents in the record to

---

[68] ECF No. 79 at 4.
[69] *Id.*
[70] *See* ECF No. 81 at 2–3.
[71] ECF No. 69-2 at 29. The Court notes that the Order to Show Cause also instructed Defendant to show cause as to "why the Court should not find him guilty" of assault and harassment. *Id.* at 29–30. However, the SOC states that "the State's case [against Defendant] will be submitted on the record if [Defendant] fail[s] to comply with any of the conditions set forth" in the document. ECF No. 69-1 at 8. Accordingly, the Court interprets the Superior Court's directions as allowing Defendant an opportunity to present a defense prior to the submission of the case *if* the Superior Court found Defendant guilty of violating the SOC. The SOC did not require this opportunity. The Court therefore finds the core purpose of the hearing was to determine whether Defendant violated his SOC, not to determine Defendant's guilt of assault, which the Superior Court judge would later determine on the record in accordance with the SOC. *See id.* at 8. This conclusion is further supported by the Superior Court judge's letter in response to Defendant's Motion to Reconsider, which only discusses the findings that Defendant violated his SOC. *See* ECF No. 69-2 at 50–51.

1 determine his guilt.[72] As such, any procedural defects in the hearing to show cause for whether he violated the SOC do not affect the issue of whether he had a full and fair opportunity to litigate the assaults.[73]

In sum, the Court finds that Plaintiff has met her burden of proving the four elements required to apply collateral estoppel. Defendant had a full and fair opportunity to litigate the issue of whether he strangled or suffocated Plaintiff on April 16, May 5, and July 30, 2017, and was found guilty of these acts by the state Superior Court judge. Accordingly, the Court estops Defendant from relitigating the issue of whether he strangled or suffocated Plaintiff on these dates.

### C. Defendant is liable for common law battery and assault.

Plaintiff argues that because Defendant's strangulation or suffocation of Plaintiff is conclusively established, "the issue of whether [Defendant] battered or assaulted [Plaintiff] is conclusively established."[74] Accordingly, Plaintiff asks the Court to find Defendant liable for her claims of battery and assault.[75]

Plaintiff filed claims for common law battery and assault.[76] Common law battery is defined as a "harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff . . . to suffer such a contact[.]"[77] Similarly, "[u]nder

---

[72] *See* ECF No. 69-1 at 8–9.
[73] Defendant sets forth an alternative, contractually based argument. *See* ECF No. 79 at 6–9. The issues Defendant alleges are with the state prosecutor's alleged violation of the terms of the SOC. *See id.* Whether the state prosecutor violated the terms of the SOC is not relevant to the issues presented to this Court. Accordingly, the Court declines to address this argument.
[74] ECF No. 67 at 10.
[75] *Id.* at 10–12. Because Defendant's argument centered on procedural defects with the SOC hearing, Defendant did not address the issue of liability. *See generally* ECF No. 79.
[76] ECF No. 28 at 12–13.
[77] *McKinney v. City of Tukwila*, 103 Wn. App. 391, 408 (2000) (internal quotations and citations omitted).

the common law, a person assaults another . . . by unlawfully touching another with criminal intent (actual battery)[.]"[78] Defendant was convicted of assaulting Plaintiff "by strangulation or suffocation."[79] Thus, he is liable for common law battery because he intentionally caused a harmful or offensive contact with Plaintiff.[80] Because common law assault encompasses actual battery, the Court finds Defendant to be liable for Plaintiff's claims of common law battery and assault arising from three incidents of strangulation.

## IV. CONCLUSION

Having found that Plaintiff has met all elements required for collateral estoppel, the Court hereby estops Defendant from relitigating the issue of whether he strangled or suffocated Plaintiff on April 16, May 5, and July 30, 2017. Because the Court finds Defendant strangled or suffocated Plaintiff on those three occasions, the Court finds Defendant liable for common law battery and assault. As such, the Court finds good cause to grant Plaintiff's Motion for Partial Summary Judgment of Liability against Defendant, ECF No. 67.

Accordingly, **IT IS HEREBY ORDERED:**

---

[78] *State v. Hahn*, 174 Wn.2d 126, 129 (2012) (listing definitions of common law assault).
[79] ECF No. 69-1 at 2–3; ECF No. 69-2 at 33.
[80] *See State v. Cardenas–Flores*, 189 Wn.2d 243, 267–68 (2017) ("[Second degree] assault is an intentional touching or striking of another person that is harmful or offensive . . . A touching or striking . . . is offensive if the touching or striking would offend an ordinary person who is not unduly sensitive."); *State v. Esters*, 84 Wn. App. 180, 185 (1996) (a battery or "consummated assault" requires only an intentional touching "that recklessly inflicts substantial bodily harm," not "specific *intent to inflict* substantial bodily harm") (emphasis added). *See also Esters*, 84 Wn. App. at 184 (distinguishing an actual "consummated assault" from an attempted assault).

1. Plaintiff Jennipher Poffenberger's Motion for Partial Summary Judgment of Liability, **ECF No. 67,** is **GRANTED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and to provide copies to all counsel.

**DATED** this 25th day of July 2019.

<pre>
            s/Edward F. Shea
           EDWARD F. SHEA
     Senior United States District Judge
</pre>